**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

─────────────────────────────────────────────

| | |
|---|---|
| LISA WHITEHEAD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 21-cv-2525-JFT-tmp |
| | ) |
| STERLING JEWELERS INC., | ) |
| | ) |
|     Defendant. | ) |

─────────────────────────────────────────────

**ORDER AUTHORIZING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

─────────────────────────────────────────────

Before the court is *pro se* plaintiff Lisa Whitehead's complaint against Sterling Jewelers, Inc. (ECF No. 1) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate. For the reasons below, the court *sua sponte* authorizes Whitehead to amend her complaint to cure certain deficiencies in her complaint.

## I. BACKGROUND

On May 12, 2021, the EEOC issued Whitehead a right to sue letter. (ECF No. 1 at 7.) Whitehead filed this complaint *pro se* on August 12, 2021. (ECF No. 1.) The court granted her motion to proceed *in forma pauperis* on August 17, 2021. (ECF No. 6.) Whitehead brings suit against her former employer, Sterling

Jewelers, for employment discrimination in violation of Title VII. (ECF No. 1 at 1.) Using a form provided by the Clerk's office to assist *pro se* litigants asserting employment discrimination claims, Whitehead checked boxes alleging termination of her employment, unequal terms and conditions, retaliation, and discrimination based on race, color, and gender/sex. (Id. at 3-4.)

In the section of her complaint devoted to the facts of the case, Whitehead writes, "I was furloughed March 2019 with no previous disciplinary actions in my work file." (Id. at 4.) On September 17, 2020, Eric Smith (the district manager) contacted Whitehead and informed her that another employee, Jodi, had made several attempts to reach her to ask her to return to work. (Id. at 4-5.) Whitehead informed Smith that Jodi had not called her and provided Smith with a copy of her phone records as proof that she was not contacted. (Id.) Subsequently, Whitehead was told that she could come back to work and was provided a work schedule. (Id.) The next week, Smith called Whitehead and told her that several employees, including Jodi, had raised "accusations and concerns" about Whitehead returning to work. (Id.) Whitehead claims that these allegations were raised in retaliation against her for revealing that Jodi had failed to contact her. (Id.) At Whitehead's request, human resources launched an investigation that "didn't result in anything." (Id.) Another district manager, Melissa, contacted Whitehead offering her "a fresh start" at Zales jewelry

store in Southaven, Mississippi, stating "it was important everyone [was] comfortable." (Id.) Whitehead did not accept this offer. (Id.)

## II.  ANALYSIS

### A.  Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are therefore liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must meet the minimum pleading requirements, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot "create a claim which [a plaintiff] has not spelled out in his pleading." Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011).

B.   **Required Form of Pleadings**

Title VII makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits discrimination against any individual who "has opposed any act or practice made [] unlawful" by the statute and prohibits discrimination against any individual who has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under the statute. 42 U.S.C. § 2000e-3(a).

Plaintiffs suing under federal antidiscrimination law must follow the pleading requirements outlined in the Federal Rules of Civil Procedure. See Smith v. Wrigley Mfg. Co., LLC, 749 F. App'x

446, 449 (6th Cir. 2018). This means that a complaint consisting of "naked recitations of the elements unenhanced by specific facts" fails to state a claim upon which relief can be granted. Id. at 448. Whitehead's complaint contains no mention of her engaging in any activity protected under Title VII, nor any facts asserting race, color, or gender/sex-based discrimination. This does not meet the plausibility pleading standard required by the Federal Rules. Iqbal, 556 U.S. at 678. To state a claim, Whitehead needs to allege facts that would plausibly support the inference that she was discriminated against in violation of Title VII.

These rules are not a mere technicality. The purpose of notice pleading is twofold: (1) to allow a person who is being sued to understand why he or she is being sued and (2) to give that person an opportunity to respond. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (Notice pleading exists "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." (internal citations and modifications omitted)); Fed. R. Civ. P. 8(b) (requiring a party filing an answer to "admit or deny the allegations asserted against it by an opposing party."). "The core of due process is the right to notice and a meaningful opportunity to be heard." LaChance v. Erickson, 522 U.S. 262, 266 (1998). A complaint that fundamentally fails to comply with these rules cannot give adequate notice to a defendant of why the defendant is being sued. Similarly, it is impracticable

for a defendant to respond to a complaint that does not comply with these rules in a meaningful fashion.

The court is aware that it can be difficult for non-lawyers to draft documents that comply with the Federal Rules. The court must, nevertheless, enforce the rules regardless of plaintiff's *pro se* status. The court is, however, permitted to allow a plaintiff to file an amended complaint to cure a pleading deficiency. See Matauszak, 415 F. App'x at 615. The court elects to do so here rather than recommend dismissal.

### III. CONCLUSION

The court grants Whitehead the opportunity to file an amended complaint resolving the pleading issues identified in this order by the end of the day on September 27, 2021. In the event that Whitehead does not file an amended complaint, the court will consider the complaint in its current form under the § 1915(e)(2)(B)(i-iii) screening standard.

IT IS SO ORDERED.


s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

August 26, 2021
Date