IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LISA WHITEHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:21-cv-02525-JTF-tmp |
| ) | |
| STERLING JEWELERS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER DENYING DEFENDANT'S BILL OF COSTS**

Before the court is the defendant Sterling Jewelers, Inc.'s ("Sterling") Bill of Costs, filed on January 9, 2023. (ECF No. 72.) Plaintiff Lisa Whitehead filed a *pro se* Objection against the Bill of Costs on January 12, 2023. (ECF No. 74.) Sterling replied to that objection on January 13, 2023. (ECF No. 76.) For the below reasons, the Court grants her objection and **DENIES** Defendant's Bill of Costs.

Whitehead originally filed a *pro se* complaint against Sterling on August 12, 2021, seeking relief for alleged discrimination in employment under Title VII. (ECF No. 1.) Whitehead later secured representation from Attorney Christian West-Coleman, who filed an effective Amended Complaint on October 20, 2021. (ECF No. 9.) Sterling filed a Motion for Judgment on the Pleadings seeking to dismiss that complaint on May 12, 2022. (ECF No. 36.) Discovery continued while this motion was pending however, including Whitehead's deposition, and a Motion for Summary Judgment being filed on November 17, 2022. (ECF No. 61.) Whitehead was forced to retain new counsel on November 28, 2022. (ECF Nos. 63 & 64.) The Court ultimately granted

the Defendant's Motion for Judgment on the Pleadings on January 3, 2023. (ECF No. 70.) Whitehead's counsel withdrew at this point, leaving her *pro se* yet again. (ECF Nos. 73 & 75.)

Sterling's Bill of Costs seeks to recover $2,476.50, which is allegedly inclusive of only the costs of Whitehead's deposition. (ECF No. 76.) Whitehead's objection notes that "The Deposition was not at all used by the defendant nor Judge for dismissal of the this case," and states that she cannot afford the cost due to the financial burden of her children and caring for ill mother. (ECF No. 74.)

Federal Rule of Civil Procedure 54(d)(1) states that "unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." "In order to award costs to a prevailing party, the court must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary." *Freeman v. Blue Ridge Paper Products, Inc.*, 624 F. App'x 934, 938 (6th Cir. 2015) (quoting *Baker v. First Tennessee Bank Nat. Ass'n*, 142 F.3d 431 (Table), 1998 WL 136560, at *2 (6th Cir. 1998)). However, the issue is ultimately "at the discretion of the trial court." *White v. White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The purpose of Rule 54(d) is to address situations where "although a litigant was the successful party, it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party." *Id.* (quoting *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)).

After a review of the record and circumstances of the case, the Court finds that it would be inequitable to put the burden of costs on Whitehead. Whitehead's case was initially filed *pro se* and proceeded under an *in forma pauperis* designation, with corroborated statements that she has a monthly income of only $1200. (ECF Nos. 2 & 6.) Granting the Bill of Costs here would be an unreasonable and inequitable financial burden on a plaintiff who sought to have certain

federal rights litigated, and whose case was dismissed due to jurisdictional and procedural barriers without reaching the merits. While the Court understands that, generally, the "the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party," the issue is one of Court discretion with an eye towards all circumstances in the case. (ECF No. 76, 2) (quoting *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989)). Defendant, a large corporation with many stores in the Memphis area alone, is in a much better position to bear these costs, especially given that Whitehead's counsel has now withdrawn. Accordingly, Sterling's Bill of Costs is **DENIED**. The parties shall bear their own costs and expenses from this now resolved matter.

      **IT IS SO ORDERED** on this the 24th day of January, 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE